**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MARK HELD<br>2489 Abbotsford Way<br>Dublin, Ohio, 43016<br><br>        Plaintiff,<br>v.<br><br>AMERICAN PATROL AND<br>INVESTIGATION, INC.<br>c/o Mike Hicks, statutory agent<br>867 High Street, Ste D<br>Worthington, Ohio, 43085<br><br>        -and-<br><br>API SECURITY SERVICES &<br>INVESTIGATIONS, INC.<br>c/o Edward Johnson, statutory agent<br>867 High Street, Ste D<br>Worthington, Ohio, 43085<br><br>        -and-<br><br>EDWARD JOHNSTON<br>867 High Street, Ste D<br>Worthington, Ohio, 43085<br><br>        Defendants. | CASE NO.:<br><br>JUDGE<br><br><br>**COMPLAINT FOR VIOLATIONS<br>OF THE FAIR LABOR<br>STANDARDS ACT**<br><br><br>**(Jury Demand Endorsed Herein)** |

## INTRODUCTION

1. Defendants American Patrol and Investigation, Inc., ("American Patrol") API Security Services & Investigations, Inc. ("API") and their owner and/or manager, Defendants Edward Johnston failed to pay Plaintiff Mark Held for all hours worked, resulting in Held being denied overtime. When Held complained about not being paid correctly, he was summarily terminated. Accordingly, Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S. Code § 207 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA").

1

## **PARTIES.**

2. Held is an individual residing in Franklin County, Ohio. Held performed work for Defendants within the last three years for which he was not paid the overtime wages guaranteed by the FLSA.

3. American Patrol is a for-profit corporation organized under the laws of the State of Ohio, and who maintains offices in Worthington, Ohio, and whom operates in Ohio.

4. API is a for-profit corporation organized under the laws of the State of Ohio, and who maintains offices in Worthington, Ohio, and whom operates in Ohio.

5. American Patrol and API are hereinafter referred to collectively as the "API Defendants."

6. API Defendants have a common business purpose; a unified operation; common ownership; form a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and form a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

7. At all times referenced herein, Johnston was the president, co-owner, and/or principal of American Patrol and API.

8. At all times referenced herein, Johnston supervised and/or controlled Held's employment with the API Defendants, controlled the day-to-day operations of API Defendants, to include controlling their compensation policies and practices, and acted directly or indirectly in the interest of API Defendants in relation to their employees, and were employers within the meaning of section 3(d) of the FLSA and Article II, section 34a of the Ohio Constitution.

## **PERSONAL JURISDICTION.**

9. Defendants hire citizens of the state of Ohio, contract with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

10. Plaintiffs performed work in this judicial district, were paid unlawfully by Defendants pursuant to work performed in this district and/or were hired out of this district.

11. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE.

12. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

13. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

## FLSA COVERAGE.

14. At all times referenced herein, API Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

15. At all times material to the Complaint, Held directly participated in the actual movement of things in interstate commerce by working for Defendants on projects located in Ohio, utilizing tools and other goods that were moved through interstate commerce.

## FACTUAL ALLEGATIONS.

16. API Defendants provide security and investigation services throughout Ohio.

17. At all times referenced herein, API Defendants primary business functions included providing roving patrols for interstate trucking companies, warehouse locations,

manufacturing locations and retail locations, as well as investigation services to the legal and insurance industries.

18. At all times referenced herein, API Defendants operated out of the same office, located at 867 High Street, Ste D, Worthington, Ohio, 43085

19. At all times referenced herein, API Defendants utilized the same equipment and employed the same managers and employees, to include Held.

20. At all times referenced herein, API Defendants shared resources and funds.

21. At all times referenced herein, API Defendants used the same website, http://apisecurity.us, to advertise and promote their services.

22. At all times referenced herein, API Defendants both maintained employment records for Plaintiffs.

23. At all times referenced herein, API Defendants had the power to hire and fire Held.

24. At all times referenced herein, API Defendants supervised and controlled the schedule of Held.

25. At all times referenced herein, API Defendants determined and controlled how Held would be paid.

26. At all times referenced herein, API Defendants exercised control over the employment of Held.

27. At all times referenced herein, API Defendants jointly employed Held.

28. Held is a former employee of Defendants.

29. Held was hired by Defendants on or around November 25, 2020 as a Security Officer.

30. At all times referenced herein, Held was paid on an hourly basis.

31. As a Security Officer, Held's normal and/or regular commute included travel to various work sites in the Columbus, Ohio, area.

32. Held regularly worked between 30 and 50 hours per week during his employment with Defendants.

33. Throughout Held's employment, Defendants "shaved" or altered Held's reported hours of work in order to reduce Held's pay.

34. Held was never paid overtime during his employment with Defendants despite regularly working greater than 40 hours per week.

35. On approximately three occasions during Held's employment, Defendants required him to travel more than two hours away from the Columbus, Ohio area to perform security services ("Special Assignments").

36. The time Held spent travelling to the Special Assignments was compensable. See 29 C.F.R. §785.37.

37. Defendants failed to pay Held for his travel time in connection with Special Assignments.

38. During the pay period between January 1, 2021 and January 14, 2021, Held worked 92 hours.

39. During the pay period between January 1, 2021 and January 14, 2021, Held worked 12 hours of overtime.

40. Held was paid for the hours he worked between January 1, 2021 and January 14, 2021 on January 28, 2021.

41. Defendants failed to pay Held overtime for the 12 hours of overtime he worked between January 1, 2021 and January 14, 2021, and instead paid Held a flat rate of $11.00 per hour.

42. On or about January 30, 2021, Held complained to API Defendant's Office Manager, Nicole McGary, about not receiving overtime pay.

43. McGary is Johnston's daughter.

44. McGary offered to write Held a personal check from API for his unpaid overtime.

45. As McGary was making out the personal check to Held, Johnston entered the office and asked McGary why she was writing Held a check.

46. Johnston told McGary not to write a check to Held.

47. Held complained to Johnston about being denied overtime and complained that it was wrong that he was being "paid peanuts" while Johnston was enjoying life "on a high horse" ("Overtime Complaint").

48. Johnston responded to Held by yelling, "get the F*** out of here" and terminating Held's employment.

49. Johnston terminated Held for making the Overtime Complaint, in violation of the anti-retaliation provisions of the FLSA and the OMFWSA.

50. As a result of Defendants' unlawful conduct, Held has suffered damages.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT: FAILURE TO PAY OVERTIME.

51. Held restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

52. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

53. Held was not exempt from the right to receive overtime pay under the FLSA during his employment with Defendants.

54. Held is entitled to be paid overtime compensation for all overtime hours worked.

55. At all times relevant to this Complaint, Defendants had a policy and practice of failing and refusing to pay overtime to its employees for their hours worked in excess of 40 hours per week.

56. Defendants failed to make, keep, and preserve accurate time records with respect to Held and/or knowingly disregarded the time that reported to them by Held regarding the hours he

worked, in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a).

57. Defendants either recklessly failed to investigate whether their failure to pay Held overtime violated the Federal Wage Laws of the United States; intentionally misled Held to believe that Defendants were not required to pay him overtime, and/or concocted a scheme pursuant to which they deprived Held of the overtime pay he earned.

58. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59. Held is entitled to damages in the amount of his unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and other such legal and equitable relief as the Court deems just and proper, including his attorneys' fees and costs.

60. Defendants violated the FLSA without a good faith belief that their conduct was lawful.

61. Held requests recovery of his attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b)

**COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.03, *et seq*, BASED ON FAILURE TO PAY OVERTIME**.

62. Held restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

63. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the OMFWSA.

64. At all relevant times, Defendants have employed and continue to employ, "employees," within the meaning the OMFWSA.

65. Held was an employee of Defendants as that term is defined by the OMFWSA.

66. Ohio R.C. § 4111.03 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of

7

forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]…"

67. Defendants failed to pay Held overtime for hours he worked in excess of 40 per week.

68. In denying Held overtime compensation, Defendants violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

69. As a direct and proximate result of Defendant's unlawful conduct, Held has suffered and will continue to suffer a loss of income and other damages.

70. Having violated the OMFWSA, Defendants are joint and severally liable to Held pursuant to O.R.C. § 4111.10 for the full amount of his unpaid overtime and for costs and reasonable attorneys' fees.

**COUNT III: VIOLATION OF THE OHIO PROMPT PAYMENT ACT, O.R.C. § 4113.51.**
**(Asserted by Held against API Defendants only).**

71. Held restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

72. The Ohio Prompt Pay Act ("OPPA") required Defendants to pay Held all wages earned, including overtime, on or before the first day of each month, for wages earned by Held during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by Held during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

73. Held was not paid all wages due within 30 days of his performing the work that entitled him to overtime. *See* R.C. §4113.15(B).

74. Held's unpaid wages remain unpaid for more than 30 days beyond their regularly scheduled payday.

75. Held has been harmed and continues to be harmed by Defendants' acts and/or omissions as described herein and is entitled to the greater of $200.00 or an additional six percent on the total amount of wages due. See O.R.C. § 4113.15(C).

**COUNT IV: UNLAWFUL RETALIATORY TERMINATION IN VIOLATION OF 29 U.S.C. § 215(A)(3).**

76. Held restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

77. Pursuant to the FLSA, 29 C.F.R. § 215(a)(3), it is a violation for any employer to, "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or as testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

78. Defendants knowingly and maliciously retaliated against Held for making protected wage complaints by discharging him from his employment.

79. Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning retaliation by taking adverse actions against Held because he complained about not being paid wages due to him.

80. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Held has suffered loss of earnings, earnings potential, raises, other significant economic benefits.

**COUNT V: RETALITION BASED ON PROTECTED WAGE COMPLAINTS IN VIOLATION OF ARTICLE II, SECTION 34A OF THE OHIO CONSTITUTION.**

81. Held restates each and every prior paragraph of this Complaint as if it were fully restated herein.

82. Pursuant to Article II, Section 34a of the Ohio Constitution, "[n]o employer shall discharge or in any other manner discriminate or retaliate against an employee for exercising any right

under this section or any law or regulation implementing its provisions or against any person for providing assistance to an employee or information regarding the same."

83. Defendants knowingly and maliciously retaliated against Held for making protected wage complaints by discharging her from her employment.

84. In discharging Held, Defendants violated Article II, Section 34a of the Ohio Constitution.

85. Held is entitled to all legal and equitable remedies available for violations of the Ohio Constitution, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to O.R.C. § 4111.14(J).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Mark Held respectfully requests relief against Defendants, joint and severally, as set forth below:

a. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*;

b. Issuing a declaratory judgment that Defendants violated the recording-keeping requirements of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a),

c. Awarding Plaintiff all unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

d. Awarding damages, including actual, general, special, incidental, statutory, punitive, treble, liquidated, noneconomic, and consequential to Plaintiff in an amount to be determined at trial;

e. Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

f. Awarding pre-judgment and post-judgment interest as provided by law;

g. Awarding reasonable attorneys' fees and costs; and

h. Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Mark Held*

## JURY DEMAND

Plaintiff Mark Held demands a trial by jury by the maximum number of jurors permitted.

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**